**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MICHAEL BEENICK, JR.,          :          CIVIL ACTION NO. **4:14-CV-1562**
                                             :
          Plaintiff              :          (Judge Brann)
                                             :
          v.                     :          (Magistrate Judge Blewitt)
                                             :
MICHAEL LeFEBVRE, *et al.*,     :
                                             :
          Defendants            :

**REPORT AND RECOMMENDATION**

I.     **BACKGROUND.**

On August 8, 2014, Plaintiff, Michael Beenick, Jr., an inmate at SCI-Benner Twp.,

Bellefonte, Center County, Pennsylvania, filed, through counsel a 20-page civil rights Complaint,

pursuant to 42 U.S.C. §1983. (Doc. 1).  Plaintiff paid the filing fee.  Named as Defendants are

the following five employees of the  Pennsylvania Department of Corrections ("DOC") who

worked as SCI-Benner Twp.: Michael LeFebvre, food service steward and kitchen instructor;

Lee Mandichak-McConnell, food service steward and kitchen instructor; Wallace Dittsworth,

managerial position in the  kitchen; John Weaverling, kitchen manager; and Tammy Fagan,

Safety Manager.   (*See* Docs. 1 & 8-2).

Plaintiff claims that his rights under the Eighth and Fourteenth Amendments were

violated when he was ordered to continue using an electric slicing machine to cut fruit after he

showed Defendant LeFabvre that it was dangerous to do so and, subsequently lost part of his

hand.  Specifically, in Count I of his Complaint, Plaintiff raises a claim under the theory of state-

created danger against all five Defendants.    In Count II, Plaintiff asserts a claim alleging

deliberate indifference and failure to protect against all Defendants. In Count III, Plaintiff asserts a failure to intervene claim against Defendant Mandichak-McConnell. Finally, in Count IV, Plaintiff asserts a failure to supervise claim against Defendants Dittsworth, Weaverling and Fagan.

As relief, Plaintiff seeks declaratory judgment "that Plaintiff's constitutional rights were violated by Defendants" and monetary damages, both compensatory and punitive. (Doc. 1, p. 19).

In his Complaint, Plaintiff does not state whether he has exhausted all of his available DOC administrative remedies with respect to each one of his Eighth Amendment claims in accordance with the PLRA requirements.[1]

After Defendants were served with Plaintiff's Complaint, they jointly filed a Motion to Dismiss all five Counts under Fed.R.Civ.P. 12(b)(6), on September 15, 2014. **(Doc. 10).** Defendants simultaneously filed their support brief. (Doc. 11). On September 19, 2014, Plaintiff filed his opposition brief. (Doc. 12). Defendants then filed a reply brief on October 3, 2014. (Doc. 13). Thus, Defendants' Motion to Dismiss is fully briefed and ready for

---

[1]Plaintiff must exhaust his DOC administrative remedies with respect to each one of his constitutional claims prior to filing a civil rights suit. *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including civil rights actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*

We note that Plaintiff does not have to allege in his Complaint that he exhausted his administrative remedies and Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

disposition.  We have been assigned this case for pre-trial matters.

This federal court has jurisdiction over Plaintiff's Complaint raising constitutional claims pursuant to 28 U.S.C. §1331 and §1343.

## II.    STANDARDS OF REVIEW.

### A.    *Motion to Dismiss*

In  *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344,  (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009).  "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citation omitted).  *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the

pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

## B.    42 U.S.C. § 1983

As stated, Plaintiff asserts constitutional claims against state actor Defendants in his Complaint under §1983.  In a § 1983 civil rights action, the plaintiff must prove the following two essential elements:  (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).  *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983.").  "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660 (citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976);

*Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra.*  It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement.  *Id.*  Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based.  *Id.*  As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons.  *Id.*  Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

## III.    ALLEGATIONS OF PLAINTIFF'S COMPLAINT.

In his Complaint, Plaintiff states that on July 13, 2013, while confined at SCI-Benner Twp., he worked in the kitchen under the direction of Defendant LeFabvre and that he was ordered by this Defendant  to slice watermelon using an electric meat slicer and a meat pusher without protective gear, namely, cut-resistant gloves.[2]  The meat slicer was also missing a blade

---

[2]We briefly summarize the allegations stated by Plaintiff in his Complaint (Doc. 1) and in his opposition brief (Doc. 12, p. 2).  We note that Plaintiff's allegations are not proven facts.

guard.  Plaintiff had no prior instruction on using the specific meat slicer provided and had never tried to cut watermelon on an electric slicer. Defendant LeFabvre did not show Plaintiff how to cut watermelon on the electric slicer, and he did not stay and guide Plaintiff.   Plaintiff tried to obey Defendant LeFabvre's order but had difficulty since the melon was too heavy and slippery and, he  explained to Defendant LeFabvre that he could not safely cut the watermelon on the meat slicer bare-handed.  Nonetheless,  Defendant LeFabvre told Plaintiff not to cut himself and, directed Plaintiff to continue to try and cut the watermelon with the meat slicer. Plaintiff complied with the order and then cut off part of his hand, namely, two fingers. Plaintiff had to have surgery for his injury and he lost part of his hand.

Defendant Mandichak-McConnell was present at the time of the incident and was aware that Defendant LeFabvre had ordered Plaintiff to cut the watermelon with the meat slicer in an unsafe and dangerous  manner and,  failed to intervene to protect Plaintiff from the risk of injury.

Defendants Dittsworth, Weaverling and Fagan knew that inmates were routinely ordered to use the meat slicer without a blade guard to cut  fruit and without protective gear, and they were deliberately indifferent to the obvious danger and failed to protect Plaintiff from ths risk of harm.  Plaintiff also states that "Defendants Dittsworth, Weaverling and Fagan, as supervisors, caused [his] injuries because they tolerated, condoned, encouraged, and acquiesced in the practice of ordering prisoners to use a potentially deadly machine to cut fruit, for which they knew it to be unsuited, and to do so without safety gear."

As mentioned, Plaintiff essentially claims that the conduct he alleges in his Complaint

attributable to Defendants violated his Eighth and Fourteenth Amendment rights.

## IV.      DISCUSSION.

Defendants argue that Plaintiff fails to state cognizable Eighth and Fourteenth Amendment claims against them under any alleged theory.  Defendants further argue that Plaintiff's allegations against them amount to only negligence claims. Defendants also contend that they are entitled to qualified immunity with respect to all of Plaintiff 's constitutional claims since "case law provides inmates do not, while incarcerated, have a clearly established constitutional right to a safe job or particularized equipment and training.  *Brickell v. Clinton County Prison Bd.*, 658 F.Supp.2d 621 (M.D.Pa. 2009)."  (Doc. 13, pp. 1-2).

In *Brown v. U.S.*, 2010 WL 936241, *10 (M.D. Pa. March 12, 2010), the Court stated:

> The Eighth Amendment to the United States Constitution states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend VIII. Accordingly, the Eighth Amendment protects inmates from "unnecessary and wanton infliction of pain." *Fuentes v. Wagner,* 206 F.3d 335, 344 (3d Cir.2000) (quoting *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (citations and internal quotations omitted)). To maintain an Eighth Amendment claim of cruel and unusual punishment against a prison official, a plaintiff must establish that the official acted with "deliberate indifference." *Farmer v. Brennan,* 511 U.S. 825, 832-34, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Accordingly, "the plaintiff has the burden to show that defendant knew of, and disregarded, an excessive risk to his health or safety." *Davis v. Muscarella,* 615 F.Supp.2d 296, 301 (D.Del.2009) (citing *Beers-Capitol v. Whetzel,* 256 F.3d 120, 133 (3d Cir.2001) (citations omitted)). "The knowledge requirement is subjective, 'meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware.' " *Davis,* 615 F.Supp.2d. at 301 (quoting *Farmer,* 511 U.S. at 841).

The *Brown* Court, 2010 WL 936241, *12, also stated:

> "[t]he test for whether a prison official was deliberately indifferent is whether that defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer,* 511 U.S. at 841. "The official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Moreover, mere negligence, which Defendants contend Plaintiff Beenick has alleged against them since the incident at issue was only an accident, is not sufficient to state a constitutional claim. In *Whitely v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986), the Supreme Court stated that "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize[s] that conduct prohibited by the Cruel and Unusual Punishment clause, ... ." Defendants state that Plaintiff's allegations only show an accidental injury occurred to him and that his allegations amount to only an ordinary lack of due care for his safety regarding the directive to cut the watermelon using the meat slicer without safety gear on his hands. Defendants point out that "[n]oticeably missing from [Plaintiff's] extensive allegations is a prior like incident where [Plaintiff] or another inmate was injured using the meat-slicer in this manner." Defendants conclude that Plaintiff's allegations "suggests an unsafe workplace" and that without alleging any prior incidents, Plaintiff's "claim is nothing more than negligence." (Doc. 11, p. 6).

In *Caldwell v Beard*, 324 Fed.Appx. 186, 188 (3d Cir. April 27, 2009), the Third Circuit Court of Appeals stated, "[c]laims of negligence, without a more culpable state of mind, do not constitute 'deliberate indifference.' *See Singletary v. Pa. Dept. Of Corr.*, 266 F.3d 186, 193 n. 2 (3d Cir.2001)." Thus, Defendants argue that Plaintiff Beenick's claims only allege unsafe

workplace conditions and as such, they amount only to negligence and are not actionable under § 1983.

We find that at the pleading stage of the case, prior to discovery, that it is premature for the court to determine whether Plaintiff's claims against Defendants amount only to negligence. *See Robles v. Casey*, Civil No. 10-2663, M.D.Pa., 2011 WL 2292289 (M.D.Pa. April 20, 2011), adopted, in part, by 2011 WL 229286 (M.D.Pa. June 8, 2011).[3] We find, for present purposes, that Plaintiff has sufficiently alleged that the conduct of Defendants LeFabvre and Mandichak-McConnell amounted to more than mere negligence.

In *Robles v. Casey,* the Plaintiff inmate filed a §1983 civil rights action and averred that while assigned to work in the kitchen area at SCI-Dallas, he was directed by prison staff member Defendant Casey, Kitchen Steward, to clean the kitchen with a bucket filled with chemicals. Plaintiff Robles asserted that he was not advised by prison staff that the bucket contained hazardous chemicals which required him to wear safety apparel and equipment, that he was not provided any training on how to safely clean kitchen equipment and utensils with the chemicals, and that he was not provided any safety gear. Plaintiff alleged that while he was cleaning, the chemicals splashed into his eyes causing injury to his eye.

In *Robles v. Casey,* 2011 WL 229286, the Court allowed the inmate Plaintiff's claims to

---

[3]We note that Defendants also cite to the *Robles v. Casey* case (M.D.Pa. Sept. 27, 2012),2012 U.S. Dist. LEXIS 186067, 2012 WL 6931972, in their reply brief insofar as they argue that the three supervisory Defendants should be dismissed. (Doc. 13, p. 4). The cite to the *Robles v. Casey* case by Defendants was at the summary judgment stage. Our above cite to the *Robles v. Casey* case was at the pleading stage.  We also note that we were assigned the *Robles v. Casey* case for pre-trial matters.

proceed through discovery as against the Corrections Defendants with respect to: (1) Plaintiff's Eighth Amendment claims against Defendants arising from his alleged eye injury while working in the prison kitchen after the chemicals he was directed to use without safety gear splashed into his eye; and  (2) Plaintiff's Eighth Amendment state-created danger claim against one Defendant  (Casey) regarding the chemical splashing accident and alleged eye injury.

   At the present posture of the instant case, we find that Plaintiff Beenick's allegations against Defendants LeFabvre and Mandichak-McConnell do not only amount to negligence claims. Plaintiff has alleged that these two Defendants were deliberately indifferent to his safety and that these Defendants failed to act despite knowing he faced a substantial risk of harm in slicing watermelon with a meat slicer without a blade guard and without protective gear.  We find that Plaintiff has stated Defendants LeFabvre and Mandichak-McConnell acted with a sufficiently culpable state of mind with respect to his Eighth Amendment claims against them. Plaintiff has adequately alleged that Defendants LeFabvre and Mandichak-McConnell knew of and disregarded an excessive risk to him, and that these Defendants were aware of facts from which such an inference could be drawn.  Thus, we will recommend that Count II of Plaintiff's Complaint, in which Plaintiff asserts a claim alleging deliberate indifference and failure to protect, be allowed to proceed as against Defendants LeFabvre and Mandichak-McConnell.

   Defendants  argue  that  all  of Plaintiff's claims against supervisory prison officials Dittsworth and  Weaverling, Food Service Managers, and Fagan, Institutional Safety Manager, should be dismissed for lack of personal involvement.  We agree.

   Defendants contend that none of stated three supervisory Defendants are sufficiently

10

alleged to have been personally involved in violating Plaintiff's Eighth Amendment rights when he was injured on July 13, 2013, while working in the prison kitchen and ordered to use a meat slicer to cut watermelons even though he could not do it in a manner that was safe.  Defendants point out that Plaintiff only alleges in his Complaint that Defendant LeFabvre was personally involved in the incident and that Defendant Mandichak-McConnell was present at the time of the incident and allegedly failed to intervene to protect Plaintiff from the risk of injury. Defendants state that "there are no allegations that Dittsworth, Weaverling or Fagan were working that day, let alone in the kitchen with [Plaintiff].  Instead, all three are named as Defendants due to their [supervisory] positions at [the prison]. [Plaintiff] essentially contends these three are liable because they knew of the unsafe manner in which inmates were using the meat-slicer." (Doc. 11, p. 4).

It is well established that personal liability in a civil rights action cannot be imposed upon a prison official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Sutton v. Rasheed*, 323 F.3d 236, 249-250 (3d Cir. 2003);*Carpenter v. Kloptoski*, 2011 WL 995967, *6 (M.D. Pa. 3-17-11).

We agree with Defendants and find that Plaintiff's allegations in his Complaint  fail to sufficiently show that any of the three named supervisory Defendants were personally involved in the incident at issue and were deliberately indifferent to Plaintiff's safety on July 13, 2013. As Defendants point out, Plaintiff does not allege that either he or any other inmate was previously injured when using the meat slicer to cut fruit.   (Doc. 11, p. 6).

Additionally, we agree with Defendants that Plaintiff's attempt to implicate Dittsworth, Weaverling and Fagan based on the fact that they were supervisors is of no avail since it is well-settled that *respondeat superior* is not a basis to state the personal involvement of a Defendant in a civil rights action.  *See Rogers v. U.S.*, 696 F.Supp.2d 472, 488 (W.D. Pa. 2010); *Santiago v Warminister Tp.*, 2010 WL 5071779, *5 (3d Cir. 12-14-10).

The Court in *Rogers v. U.S.*, 696 F.Supp.2d at 488, repeated the personal involvement necessary in civil rights action, and stated:

> When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. *Chinchello v. Fenton,* 805 F.2d 126, 133 (3d Cir.1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." *Id.* quoting *Brown v. Grabowski,* 922 F.2d 1097, 1120 (3d Cir.1990), *cert. denied,* 501 U.S. 1218, 111 S.Ct. 2827, 115 L.Ed.2d 997 (1991). The supervisor must be personally involved in the alleged misconduct. *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988). Section 1983 liability cannot be predicated solely on *respondeat superior. Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *see also Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); *Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1293-1295 (3d Cir.1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

As discussed above, we do not find that the Plaintiff has specifically stated the required personal involvement of Defendants Dittsworth, Weaverling and Fagan  with respect to his

Eighth Amendment claims.  *See Rogers, supra; Robles v. Casey, supra.* In light of the above detailed allegations in Plaintiff's Complaint, Defendants Dittsworth, Weaverling and Fagan had no personal involvement  regarding Plaintiff's assigned work in the kitchen on July 13, 2013. Thus, we find that Plaintiff has not sufficiently stated that Defendants Dittsworth, Weaverling and Fagan were personally involved with any of his constitutional claims.

In *Carpenter v. Klopotoski*, 2011 WL 995967, *7, (M.D. Pa. 3-17-11),  the Court stated:

> To maintain a claim for supervisory liability, plaintiff "must show:
>
> 1) that the supervising official personally participated in the activity; 2) that the supervising official directed others to violate a person's rights; or 3) that the supervising official had knowledge of and acquiesced in a subordinate's violations." *Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1293 (3d Cir.1997); *Baker v. Monroe Twp.,* 50 F.3d 1186, 1190-91 (3d Cir.1995).

Thus, based upon our review of the Complaint, we agree with Defendants and  find that Plaintiff has not sufficiently alleged a claim for supervisory liability as against Dittsworth, Weaverling and Fagan. *See Townsend v. Holt*, 2013  WL 4459023, *7 (M.D.Pa. Aug. 16, 2013)(Court found that the inmate's Complaint failed to state any facts from which it could be concluded that the lack of supervision actually created a substantial risk of harm.)(citing *Ferguson v. Sniezek*, 2013 WL 3942090 (M.D.Pa. 2013)  Therefore, we shall recommend that supervisory Defendants Dittsworth, Weaverling and Fagan be dismissed from this case without prejudice regarding all of Plaintiff's constitutional claims against them.   The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir.

2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). However, based on well-settled law and the present stage of this case, we find that it may not be futile in granting Plaintiff leave to amend his claims against Defendants Dittsworth, Weaverling and Fagan. Plaintiff did not yet have an opportunity to amend his Complaint. Thus, we will recommend that Defendants Dittsworth, Weaverling and Fagan be dismissed from this case without prejudice. *See Grayson, supra.*

We now discuss Plaintiff's two remaining claims only as against the non-supervisory Defendants, LeFabvre and Mandichak-McConnell. As stated, in Count I of his Complaint, Plaintiff raises a claim under the theory of state-created danger against all Defendants, and in Count III, Plaintiff asserts a failure to intervene claim against Defendant Mandichak-McConnell.[4]

We first address Plaintiff's claim against Defendants LeFabvre and Mandichak-McConnell based on the state created danger theory of liability under the Eighth Amendment.[5] "[U]nder

---

[4]As discussed above, we will recommend that Count II, in which Plaintiff asserts a claim alleging deliberate indifference and failure to protect, be allowed to proceed only as against Defendants LeFabvre and Mandichak-McConnell. Also, as discussed above, we will recommend Count IV be dismissed without prejudice since we do not find that Plaintiff has properly stated a failure to supervise claim against Defendants Dittsworth, Weaverling and Fagan.

[5]Plaintiff Beenick specifically brought his claims under the Eighth Amendment. While Plaintiff also states his claims fall under the Fourteenth Amendment, we construe Plaintiff's reference to this Amendment to invoke the incorporation doctrine. *See Williams v. Papi*, –F.Supp.2d–, 2014 WL 3055369, *4 (M.D.Pa. July 3, 2014)("Under the incorporation doctrine, the [Eighth] Amendment and other provisions of the Bill of Rights apply on their face only to the federal government, and were incorporated against the states later by operation of the Fourteenth Amendment's Due Process Clause.")(citations omitted). As such, Plaintiff Beenick was required to allege that his claims against the state actor Defendants were under both the Eighth and Fourteenth Amendments. *Id*.

the state created danger doctrine, the state may assume responsibility for the safety of an individual for whom it affirmatively creates or enhances a risk of danger." *Kaucher v. County of Bucks*, 455 F.3d 418, 431 (3d Cir. 2006)(citation omitted).  With respect to the state created danger doctrine, the Third Circuit has set forth the following four required elements:

> (1) the harm ultimately caused was foreseeable and fairly direct;
>
> (2) a state actor acted with a degree of culpability that shocks the conscience;
>
> (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and
>
> (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

*See Kaucher v. County of Bucks*, 455 F.3d 418, 431 (3d Cir. 2006)(citing *Bright v. Westmoreland County*, 443 F.3d 276, 281 (3d Cir. 2006), *cert. denied*, 549 U.S. 1264 (2007));  *see also Walter v. Pike County*, 544 F.3d 182, 191-92 (3d Cir. 2008);  *Andrews v. Monroe Cnty. Transit Auth.*, Civil Action No. 3:11-CV-1859, 2012 WL 1902573, at *4 (M.D. Pa. May 25, 2012); *Tri Thanh Nguyen v. Franklin County*, 2011 WL 7758230 (M.D. Pa. Dec. 16, 2011) adopted by 2012 WL 1378679 (M.D. Pa. April 20, 2012).

We find the elements of the state created danger doctrine to be sufficiently stated in Plaintiff's Complaint with respect to only  Defendant LeFabvre.  *See Robles v. Casey,* 2011 WL 229286.  We agree with Defendants that "[a]s to  Defendants Dittsworth, Weaverling and

Fagan, none of them took affirmative action that created and placed Beenick in danger." (Doc. 13, p. 3). We also find that Defendant Mandichak-McConnell is not alleged to have taken affirmative action that created and placed Plaintiff in danger on the day in question. As discussed, Plaintiff must show each individual Defendant violated his constitutional rights in a §1983 action and he must allege facts showing personal involvement of each named individual Defendant. *See Kaucher v. County of Bucks*, 455 F.3d 431 n. 7(citation omitted).

The Third Circuit Court holds that to effectively establish the first element of a state created danger claim, *i.e.*, foreseeable and direct harm, a plaintiff must demonstrate "an awareness on the part of the state actors that rises to the level of actual knowledge or an awareness of risk that is sufficiently concrete to put the actors on notice of the harm" and that the harm was "a fairly direct result of the defendant's acts." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 238-39 (3d Cir. 2008).

With respect to the second element, while the Third Circuit Court has not expressly defined what constitutes 'conscience-shocking' conduct, it has consistently found that "mere negligence will not 'shock the conscience' for purposes of establishing a substantive due process claim.'" *Andrews*, 2012 WL 1902573, at *5; *see also Schieber v. City of Phila*, 320 F.3d 409, 419 (3d Cir. 2003)("[N]egligence is not enough to shock the conscience under any circumstances."). The Courts have found that for conduct to rise to the level of conscience-shocking, "'the environment created by the state actors must be dangerous; they must know it to be dangerous; and ... [they] must have been at least deliberately indifferent.'" *Andrews*, 2012 WL 1902573, at *5(quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 910 (3d Cir.

1997)).

Regarding deliberate indifference, the Supreme Court has held:

With deliberate indifference lying somewhere between the poles of negligence at one end and purpose or knowledge at the other, the Courts of Appeals have routinely equated deliberate indifference with recklessness ... It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk ...

We reject petitioner's invitation to adopt an objective test for deliberate indifference. We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994). *See also Knox v. Doe*, No. 12-2048, 2012 WL 2849653, at *1 (3d Cir. July 12, 2012) ("Deliberate indifference is proven by showing that a prison official 'knows of and disregards an excessive risk to inmate health or safety' [and] 'describes a state of mind more blameworthy than negligence.'"); *Ball v. Beard*, Civil No. 1:09-CV-845, 2011 WL 7148187, at *7 (M.D. Pa. Oct. 17, 2011) (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001))("'Deliberate indifference is a subjective standard under *Farmer* – the prison office-defendant must actually have known or been aware of the excessive risk to inmate safety.'").

Here, we find that the allegations raised by Plaintiff Beenick in his Complaint only indicate that Defendant LeFabvre actually knew of a substantial risk to Plaintiff's health and safety in cutting the watermelon *sans* protective gloves with a meat slicer missing the blade guard and, then disregarded that risk. Thus, we find that Plaintiff has sufficiently stated that

Defendant LeFabvre was aware of and disregarded a substantial risk, and that this Defendant's alleged conduct may rise to the level of conscience-shocking conduct.  Defendants are correct that the Courts in the Third Circuit have consistently held that "mere negligence will not 'shock the conscience' for purposes of establishing a substantive due process claim.'" *Andrews*, 2012 WL 1902573, at *5; *see also Schieber*, 320 F.3d at 419. However, as discussed, we find that Plaintiff Beenick's allegations as against Defendant LeFabvre amount to more than mere negligence. Further, it is alleged that Defendant LeFabvre should have had a reason for concern as this Defendant was aware that Plaintiff was experiencing great difficulty in trying to cut the watermelon with the meat slicer and it is alleged that the actions on the part of this Defendant enhanced the risk of harm to Plaintiff.   Therefore, for present purposes, we find that the alleged conduct of Defendant LeFabvre "shocks the conscience."

      Pertaining to the third element of a state-created danger claim, *i.e.*, the foreseeability of the plaintiff, the Court held:

> To satisfy the "foreseeable plaintiff" prong, it need not be alleged that the state's actions placed a *specific individual* in danger. Rather, Plaintiffs can satisfy this element if [the allegedly harmed individual], "was a member of a discrete class of persons subjected to the potential harm brought about by the state's actions." *Morse*, 132 F.3d at 913. A "discrete plaintiff" may mean a specific person or a specific class of persons. *See id.* "The primary focus when making this determination is foreseeability."

*Andrews*, 2012 WL 1902573, at *6.

      The fourth and final element of a state-created danger claim requires Plaintiff to prove that state actor defendants engaged in "'affirmative acts which work to the plaintiffs' detriment in terms of exposure to danger.'" *Id.*(quoting *D.R. by L.R. v. Middle Bucks Area Vo. Tech. Sch.*,

972 F.2d 1364, 1374 (3d Cir. 1992) (en banc)). The Third Circuit mandates that plaintiffs allege affirmative acts, "rather than inaction or omission." *Andrews*, 2012 WL 1902573, at *6(citing *Bright*, 443 F.3d at 282). In *Andrews*, this Court held:

> The three necessary conditions to satisfy the fourth element of a state-created danger claim are that: (1) a state actor exercised his or her authority, (2) the state actor took an affirmative action, and (3) this act created a danger to the citizen or rendered the citizen more vulnerable to danger than if the state had not acted at all. [*Bright*, 443 F.3d] at 281-82. More fundamentally, there needs to be a "direct causal connection" between the acts or omissions of the state and the harm which befell the victim. *Morse*, 132 F.3d at 915.

2012 WL 1902573, at *6.

In the instant action, we find that Plaintiff's detailed allegations sufficiently show only Defendant LeFabvre affirmatively acted in directing Plaintiff to cut the watermelon with the meat slicer and failing to provide Plaintiff with appropriate gear and a protective blade guard.

Accordingly, we find that Plaintiff's allegations only show that Defendant LeFabvre's actions and omissions rise to the level of conscience-shocking, affirmative conduct.  We will recommend that the Court allow Plaintiff's state-created danger claim (Count I) to proceed only as against Defendant LeFabvre. *See Robles v. Casey,* 2011 WL 229286.

We find that Plaintiff has sufficiently stated a failure to intervene claim against Defendant Mandichak-McConnell in Count III of his Complaint.

We find that the Complaint alleges Defendant Mandichak-McConnell did not intervene and protect Plaintiff on July 13, 2013, when he was ordered by LeFabvre to use the meat slicer to cut watermelon in an unsafe manner at SCI-Benner Twp., and that this Defendant was present, aware of the risk of harm, and personally failed to intervene to stop this incident.

In *Glazewski v. Corzine*, 385 Fed.Appx. 83, 88 (3d Cir. 2010), the Court stated:

> To establish a failure to protect claim, an inmate must demonstrate that:
>
> (1) he is "incarcerated under conditions posing a substantial risk of serious harm;" and (2) the prison official acted with "deliberate indifference" to his health and safety. *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. "[T]he official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Beers-Capitol v. Whetzel,* 256 F.3d 120, 133 (3d Cir.2001).

*See also Knauss v. Shannon*, 2010 WL 569829, *14; *Townsend v. Holt*, 2013 WL 4459023, *6 (M.D.Pa. Aug. 16, 2013).

The Court in *Knauss* held that the Plaintiff had to meet the objective and subjective element of a failure-to-protect claim against the Defendant. Further, the *Knauss* Court held that Plaintiff had to sufficiently alleged that Defendant Wagner was deliberately indifferent to his health or safety, and that Defendant Wagner had knowledge that Plaintiff would be hit by the other Defendant. Thus, the *Knauss* Court concluded that because Defendant Wagner could not have been deliberately indifferent to a risk of which he was unaware, Plaintiff Knauss had failed to state a claim of failure-to-protect against Defendant Wagner.

As discussed above, unlike the *Knauss* case, we find that Plaintiff Beenick has alleged both the objective and subjective elements of a failure to protect claim against Defendant Mandichak-McConnell. Plaintiff has alleged that Defendant Mandichak-McConnell had knowledge that Defendant LeFabvre ordered him to use the meat slicer to cut watermelon in an unsafe manner, and that Mandichak-McConnell was deliberately indifferent to a risk of which she was aware. *See Townsend v. Holt*, 2013 WL4459023, *6("The prisoner must show

that the harm suffered resulted from the Defendant's deliberate indifference to his/her safety.") (citations omitted). Plaintiff has also alleged that he faced a substantial risk of harm and, that Defendants Mandichak-McConnell and LeFabvre disregarded that risk. Thus, we will recommend that Plaintiff's failure to protect claim against Defendant Mandichak-McConnell(Count III) be allowed to proceed.

Moreover, we find that at the present pleading stage of this case, and based on our above discussion, it is premature to determine if any Defendant is entitled to qualified immunity. *See Williams v. Papi*, –F.Supp.2d–, 2014 WL 3055369, *6 (M.D.Pa. July 3, 2014)("[T]he Third Circuit has cautioned that 'it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases.'")(quoting *Newland v. Reehorst*, 328 Fed.Appx. 788, 791 n. 3 (3d Cir. 2009)). As in the *Williams* case, we find that "a determination of qualified immunity is inappropriate at the pleading stage" in the present case.   *Id.*   As discussed above, we find that Plaintiff Beenick has stated cognizable constitutional claims under the Eighth Amendment as against Defendants LeFabvre and Mandichak-McConnell.   Thus, when viewing the facts in the Complaint in the light most favorable to Plaintiff, we do not find at this stage of the case that qualified immunity exists as a matter of law.   *Id*. After discovery is conducted by the parties and the factual record is fully developed, Defendants can re-assert the qualified immunity defense in a summary judgment motion.

Further, Plaintiff cannot seek monetary damages against Defendants in their official capacities.   While Plaintiff does not state in his Complaint if he is suing Defendants in their

official and/or personal capacities, he does state that at all relevant times, Defendants were acting under color of state law.  (Doc. 1, pp. 2-3).

To the extent that Plaintiff is seeking monetary damages (*i.e.*, compensatory and punitive damages) against Defendants, who are all state actors as employees of the DOC, in their official capacities, we will recommend that these requests for relief be dismissed with prejudice as Plaintiff can only seek monetary damages from Defendants in their personal capacities.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Mitchell v. Luckenbill*, 680 F.Supp. 2d 672, 681 (M.D. Pa. 2010);  *Gale v. Stori*, 608 F.Supp. 2d 629, 636 (E.D. Pa. 2009); *Walker v. Beard*, 244 Fed.Appx. 439, 440 (3d Cir. 2007); *Hall v. Rhoades*, 2011 WL 4072702, *2 (M.D. Pa. Sept. 13, 2011)("[Inmate's] damage claims brought against Defendants in their official capacities are considered to be against the State itself and are barred by the Eleventh Amendment.").

Finally, Plaintiff's requests for declaratory relief "that Plaintiff's constitutional rights were violated by Defendants" should be dismissed.  Plaintiff seeks declaratory judgment that the Court find Defendants' past acts at SCI-Benner Twp., detailed above, were unconstitutional. (Doc. 1, p. 19). Insofar as Plaintiff seeks declaratory judgment that the past conduct of Defendants violated the Eighth and Fourteenth Amendments, we find that this request for relief should be dismissed.

In *Blakeney v. Marsico*, 340 Fed.Appx. 778, 780 (3d Cir. 2009), the Third Circuit Court stated:

> To satisfy the standing and "case or controversy" requirements of Article III, a party seeking a declaratory judgment "must allege facts from which

it appears there is a substantial likelihood that he will suffer injury in the future." *Bauer v. Texas,* 341 F.3d 352, 358 (5th Cir.2003) (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 102-03, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). Here, Blakeney seeks a declaration merely that defendants' "acts" and "policies" violate the United States and Pennsylvania Constitutions. He does not allege that he will be subjected to that alleged conduct in the future. Moreover, even if defendants violated Blakeney's rights in the past as he alleges, he is not entitled to a declaration to that effect. *See Brown v. Fauver,* 819 F.2d 395, 399-400 (3d Cir.1987) (directing District Court to dismiss prisoner's Section 1983 claim for prospective relief where appellant "has done nothing more than allege past exposure to unconstitutional state action").

To the extent Plaintiff's request for declaratory judgment pertains only to the alleged past constitutional violations by Defendants at SCI-Benner Twp., we find that Plaintiff fails to allege that there is a substantial likelihood that he will suffer injury in the future if the Court does not issue declaratory judgment. Further, Plaintiff does not allege that there is a substantial likelihood that someday in the future he will again be subject to the alleged conduct regarding the use of the meat slicer at issue and will suffer injury in the future.   Also, as the Court in *Blakeney* stated, even if Defendants violated the inmate's rights in the past as Plaintiffs allege in their Complaint, they are not entitled to a declaration to that effect. *Id.*; *Perez v. Piazza*, Civil No. 12-0227, M.D. Pa.

Therefore, because Plaintiff Beenick has not met the standards necessary for the Court to issue declaratory judgment with respect to his constitutional claims, we will recommend that the Court dismiss this request with prejudice, as we find futility in allowing Plaintiff to amend his Complaint with regards to this relief request.  *See Blakeney, supra;  Perez v. Piazza*, *supra*.

In conclusion, we will recommend that the Court grant, in part, and deny, in part, Defendants' **Doc. 10** Motion to Dismiss Plaintiff's Complaint. We will recommend that the

Court dismiss without prejudice all of Plaintiff's constitutional claims raised in his Complaint against the three supervisory Defendants, Dittsworth, Weaverling and Fagan.   As such, we will recommend that Defendants Dittsworth, Weaverling and Fagan be dismissed from this case without prejudice.   We will also recommend that Count II of the Complaint, in which Plaintiff asserts a claim alleging deliberate indifference and failure to protect, be allowed to proceed only as against Defendants LeFabvre and Mandichak-McConnell.   Further, we will recommend that the Court allow Plaintiff's state-created danger claim (Count I) to proceed only as against Defendant LeFabvre, and that Plaintiff's failure to intervene claim against Defendant Mandichak-McConnell (Count III) be allowed to proceed.

Additionally, to the extent that Plaintiff is seeking monetary damages (*i.e.*, compensatory and punitive damages) against Defendants in their official capacities, we will recommend that these requests for relief be dismissed with prejudice.

Finally, we will recommend that the Court dismiss with prejudice  Plaintiff's request for declaratory judgment with respect to his constitutional claims.

## V.     RECOMMENDATION.

Based on the foregoing, it is respectfully recommended that the Court grant, in part, and deny, in part, Defendants' **Doc. 10** Motion to Dismiss Plaintiff's Complaint. It is recommended that the Court dismiss without prejudice all of Plaintiff's constitutional claims raised in his Complaint against the three supervisory Defendants, Dittsworth, Weaverling and Fagan. Thus, it is recommended that Defendants Dittsworth, Weaverling and Fagan be dismissed from this case without prejudice. It is also recommended that Count II of the Complaint, in which Plaintiff

asserts a claim alleging deliberate indifference and failure to protect, be allowed to proceed only as against Defendants LeFabvre and Mandichak-McConnell.  Further, it is recommended that the Court allow Plaintiff's state-created danger claim (Count I) to proceed only as against Defendant LeFabvre and, that the Court allow Plaintiff's failure to intervene claim against Defendant Mandichak-McConnell (Count III) to proceed.

Additionally, it is recommended that insofar as Plaintiff is seeking monetary damages (*i.e.*, compensatory and punitive damages) against Defendants in their official capacities, these requests for relief be dismissed with prejudice.

Finally, it is recommended that the Court dismiss with prejudice  Plaintiff's request for declaratory judgment in his Complaint.

_____        \_\_\_\_\_**s/ Thomas M. Blewitt**_____
                                                            **THOMAS M. BLEWITT**
                                                            **United States Magistrate Judge**

**Dated:  October 14, 2014**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL BEENICK, JR., | : | CIVIL ACTION NO. **4:14-CV-1562** |
| | : | |
| Plaintiff | : | (Judge Brann) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| MICHAEL LeFEBVRE, *et al.*, | : | |
| | : | |
| Defendants | : | |

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **October 14, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where  required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive

26

further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may constitute a waiver of any appellate rights.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: October 14, 2014**