IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL BEENICK, JR., | : | Case No. 4:14-CV-01562 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| Mr. LEFEBVRE, et al., | : | |
| | : | (Magistrate Judge Saporito) |
| Defendants. | : | |

**MEMORANDUM**
September 26, 2016

Before the Court for disposition are Plaintiff Michael Beenick, Jr.'s

(hereinafter "Plaintiff") Motion for Partial Summary Judgment and Defendants

Michael Lefebvre, Lee Mandichak-McConnell, Wallace Dittsworth, John

Weaverling, and Tammy Fagan's (hereinafter "Defendants") Motion for Summary

Judgment.  Magistrate Judge Joseph F. Saporito, Jr. has prepared a Report and

Recommendation concerning these matters.  For the following reasons, this Report

and Recommendation will be adopted in its entirety.  Defendants' Motion for

Summary Judgment will be granted.  Plaintiff's Motion for Partial Summary

Judgment will be denied.

## I.    BACKGROUND/PROCEDURAL HISTORY

On July 13, 2013, Plaintiff Michael Beenick, Jr., then an inmate of SCI-

Benner Township, was employed in the prison kitchen.  Plaintiff was assigned by food service instructor Michael LeFebvre to slice watermelons using an electric slicing machine, a Globe Slicer Model 3600P.  Two other inmates were also assigned to slice watermelons on electric slicing machines.  While Plaintiff used the electric slicer, Defendant LeFebvre was in and out of the prep area, supervising Plaintiff and other inmates working in the kitchen.

Plaintiff had trouble manipulating the wet watermelon into the electric slicer's blade.  The watermelon was placed in the electric slicer's "food chute," which had an "endweight" designed to hold it in place.  Plaintiff found, however, that, when his right hand was placed on the "food chute handle," the endweight did not hold the watermelon in place.  Beenick thereafter used his left hand—his dominant hand—to hold the watermelon in place.  His left hand then slipped off the watermelon and into the electric slicer's rotary blade.  Plaintiff sustained lacerations to his ring and pinky fingers, and was taken to the local hospital for medical treatment.

At the hospital, the wound on Plaintiff's pinky finger was closed with stitches.  Because some bone at the tip of his ring finer had been severed by the blade of the slicer, a bone fragment was removed, some nonviable skin was trimmed, and the wound was closed with stitches.  Plaintiff was prescribed pain medication and instructed on wound care before he was returned to prison.  Back at

2

SCI-Benner Township, Plaintiff claims that Defendant LeFebvre ridiculed him by yelling "Finger check!" whenever he saw him.  Defendants, however, dispute this accusation.[1]

Prior to the July 13, 2013 incident, Plaintiff and other inmates at SCI-Benner Township had sliced watermelons manually with a knife.  Defendant LeFebvre, however, previously had inmates at another institution use an electric slicer, without incident, to slice watermelons.  Plaintiff and other inmates were not provided with access to an instruction manual or any safety equipment, such as cut-resistant gloves.  No warning labels were affixed to the electric slicer, nor were any safety charts posted on nearby kitchen walls.  The electric slicer was, however, equipped with a "knife cover" that shielded much of the rotary blade's circumference.  The portion of exposed rotary blade permitted the slicing of food products.  The slicer would not operate without the knife cover in place.

On June 9, 2015, Plaintiff filed an Amended Complaint[2] alleging five counts against Defendants under the Eighth and Fourteenth Amendments to the United States Constitution.  Plaintiff specifically alleged in Count I that Defendants violated the Eighth and Fourteenth Amendments state-created danger doctrine.  In Count II, Plaintiff alleged that Defendants violated the Eighth Amendment through a deliberate indifference in failing to protect him against harm.  In Count III,

---

[1] Plaintiffs cite these insensitive comments as evidence of LeFebvre's state of mind.
[2] ECF No. 21.

Plaintiff asserted, against Defendant Mandichak-McConnell, a violation of the Eighth Amendment through deliberate indifference in failing to intervene. Count IV constituted an Eighth Amendment claim against Defendants Dittsworth, Weaverling, and Fagan alleging deliberate indifference through failure to supervise. Finally, Plaintiff alleged that Defendants Dittsworth, Weaverling, and Fagan violated the Eighth Amendment through their deliberate indifference to violations of his constitutional rights by his subordinates.

On February 29, 2016, Plaintiff filed a Motion for Partial Summary Judgment.[3] On April 1, 2016, Defendants filed a Motion for Summary Judgment.[4] Magistrate Judge Saporito subsequently issued a Report and Recommendation on July 29, 2016 recommending that Plaintiff's Motion for Partial Summary Judgment be denied and Defendants' Motion for Summary Judgment be granted.[5] Plaintiff timely filed Objections to the Report and Recommendation on August 4, 2016;[6] the matter has since been fully briefed.

## II.    LEGAL STANDARDS
### A. REPORT AND RECOMMENDATION

Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and ... submit to a judge of the court proposed findings of fact

---

[3] ECF No. 37.
[4] ECF No. 45.
[5] ECF No. 53.
[6] ECF No. 54.

and recommendations."[7]  Once filed, this Report and Recommendation is

disseminated to the parties in the case who then have the opportunity to file written

objections.[8]  When objections are timely filed, the District Court must conduct a *de

novo* review of those portions of the report to which objections are made.[9]

Although the standard of review for objections is *de novo*, the extent of review lies

within the discretion of the District Court, and the court may otherwise rely on the

recommendations of the magistrate judge to the extent it deems proper.[10]

    For portions of the Report and Recommendation to which no objection is

made, the court should, as a matter of good practice, "satisfy itself that there is no

clear error on the face of the record in order to accept the recommendation."[11]

Regardless of whether timely objections are made by a party, the District Court

may accept, not accept, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge.[12]

## B. SUMMARY JUDGMENT

---

[7] 28 U.S.C. 636(b)(1)(B).

[8] 28 U.S.C. 636(b)(1).

[9] 28 U.S.C. 636(b)(1); *Brown v. Astrue,* 649 F.3d 193, 195 (3d Cir. 2011).

[10] *Rieder v. Apfel,* 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz,* 447 U.S. 667, 676 (1980)).

[11] Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.,* 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson,* 812 F.2d 874, 878 (3d Cir. 1987)) (explaining that judges should give some review to every report and recommendation).

[12] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13]  A fact is "material" where it "might affect the outcome of the suit under the governing law."[14]  A dispute is "genuine" where "the evidence is such that a reasonable jury," giving credence to the evidence favoring the nonmovant and making all inferences in the nonmovant's favor, "could return a verdict for the nonmoving party."[15]

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment.[16]  The moving party may satisfy this burden by either (i) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (ii) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case.[17]

Where the moving party's motion is properly supported, the nonmoving party, to avoid summary judgment in his opponent's favor, must answer by setting forth "genuine factual issues that properly can be resolved only by a finder of fact

---

[13] Fed. R. Civ. P. 56(a).

[14] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[15] *Id.*

[16] *In re Bressman*, 327 F.3d 229, 237 (3d Cir. 2003) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)).

[17] *Id.* at 331.

because they may reasonably be resolved in favor of either party."[18]  For movants

and nonmovants alike, the assertion "that a fact cannot be or is genuinely disputed

must" be supported by "materials in the record" that go beyond mere allegations,

or by "showing that the materials cited do not establish the absence or presence of

a genuine dispute, or that an adverse party cannot produce admissible evidence to

support the fact."[19]

    "When opposing summary judgment, the non-movant may not rest upon

mere allegations, but rather must 'identify those facts of record which would

contradict the facts identified by the movant.'"[20]  Furthermore, "[i]f a party fails to

properly support an assertion of fact or fails to properly address another party's

assertion of fact as required by Rule 56(c), the court may . . . consider the fact

undisputed for purposes of the motion."[21]

    In deciding the merits of a party's motion for summary judgment, the court's

role is not to evaluate the evidence and decide the truth of the matter, but to

determine whether there is a genuine issue for trial.[22]  Credibility determinations

---

[18] *Anderson*, 477 U.S. at 250.
[19] Fed. R. Civ. P. 56(c)(1); *see also Anderson*, 477 U.S. at 248–50.
[20] *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2003).
[21] Fed. R. Civ. P. 56(e)(2).
[22] *Anderson*, 477 U.S. at 249.

are the province of the factfinder, not the District Court.[23]  Although the court may

consider any materials in the record, it need only consider those materials cited.[24]

## III.   DISCUSSION

Having reviewed those portions of the Report and Recommendation to

which no objections were made, the Court is satisfied that, on its face, it has no

clear error.  Furthermore, following a *de novo* review of those portions of the

Report to which an objection was made, the Court will adopt the Report and

Recommendation in its entirety and thus grant Defendants' Motion for Summary

Judgment.

> **1.  The Report and Recommendation Did Not Err In Advising the Dismissal of Plaintiff's Fourteenth Amendment "State-Created Danger" Claim.**

Plaintiff first objects to the Report and Recommendation's finding that his

"state-created danger" claim under the Fourteenth Amendment should be

dismissed for failure to state a claim upon which relief can be granted.  Plaintiff

specifically contests the Report's determination, following PLRA screening,[25] that

---

[23] *BWM, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

[24] Fed. R. Civ. P. 56(c)(3).

[25] Under 42 U.S.C. §1997e(c)(1), a District court shall "dismiss any action brought with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune." 42 U.S.C. §1997e(c)(1).  The Court has reviewed *de novo* Plaintiff's objections concerning the Report and Recommendation's screening process and its recommendation of dismissal.  The Court finds no error in this conclusion. *See Thomas v. Brockbank*, 195 F.App'x. 804, 809 (10th Cir. 2006) (affirming district court's grant of summary judgment where plaintiff's claims were frivolous under Section 1997e(c)(2)); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d

his state-created danger claim should be dismissed under the "more specific provision rule."[26]  Following *de novo* review, the Court agrees with this finding. Furthermore, the Court has reviewed the factual record and concludes that, even when viewing the facts in the light most favorable at the summary judgment stage, Plaintiff has failed to present evidence from which a reasonable jury could return a favorable verdict on this claim.

The state-created danger theory stipulates that "liability may attach where the state acts to create or enhance a danger that deprives the plaintiff of his or her Fourteenth Amendment right to substantive due process."[27]  To prevail on a state-created danger claim, a plaintiff must prove:

> (1) the harm ultimately caused was foreseeable and fairly direct;
> (2) a state actor acted with a degree of culpability that shocks the conscience;
> (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and
> (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.[28]

---

1134, 1145 (10th Cir. 2005) (affirming district court's grant of summary judgment where plaintiff's claims were frivolous under Section 1997e(c)(2)).

[26] Pl.'s Objections to the Report and Recommendation of the Magistrate Judge ("Objections"), ECF No. 54, at 3-10.

[27] *Sanford v. Stiles*, 456 F.3d 298, 304 (3d Cir. 2006); *Kneipp v. Tedder*, 95 F.3d 1199, 1201 (3d Cir. 1996).

[28] *Sanford*, 456 F.3d at 304–305 (citing *Bright v. Westmoreland County*, 443 F.3d 276, 281 (3d Cir. 2006)).

The second prong, that of culpability, is often the most difficult element for a plaintiff to prove in a state-created danger case.[29]

Plaintiff has not adduced evidence from which a reasonable jury could find that Defendants acted "with a degree of culpability that shocks the conscience."  In *Sanford v. Stiles*, the United States Court of Appeals for the Third Circuit considered the standard of culpability required under this second element.[30] Specifically, the *Sanford* Court found that the level of culpability required to shock the conscience "increases as the time state actors have to deliberate decreases."[31] In "hyperpressurized situations," a plaintiff must prove "intent to harm."[32]  As time to deliberate increases and allows for "unhurried judgments," the standard of culpability which must be proved decreases to "deliberate indifference."[33]  In between the temporal extremes when "hurried deliberation" over the course of "hours or minutes" is possible, the plaintiff must show that the state officer "consciously disregarded a great risk of harm."[34]

A reasonable jury would not conclude that Plaintiff exhibited "deliberate indifference" in this matter.  Specifically, the undisputed facts indicate that Defendant LeFebvre previously had inmates at another institution slice

---

[29] *See Estate of Smith v. Marasco*, 430 F.3d 140, 153 (3d Cir. 2005) (focusing its analysis on the culpability element because it is often determinative of a state-created danger case).
[30] *See generally Sanford*, 456 F.3d at 305–309.
[31] *Id.* at 309.
[32] *Id.*
[33] *Id.*
[34] *Id.*

watermelons on an electric slicer without incident.[35]  It was not until Plaintiff

supposedly voiced[36] his difficulty that Defendant LeFebvre became aware of a

risk of harm.[37]  Even assuming that Plaintiff had voiced his difficulty to Defendant

LeFebvre, however, no reasonable jury could find that Defendant LeFebvre acted

with "deliberate indifference to an excessive risk to inmate health or safety."[38]

While Defendant LeFebvre may have become negligent by not acting at that

point,[39] this failure does not shock the conscience considering the uncontested

evidence that he had previously made such an assignment without incident, did not

believe it to be unreasonably dangerous assignment, and stated that he would not

knowingly put workers in harm's way.[40]  Furthermore, the electric slicer had the

blade guard in place at the time of Plaintiff's injury.[41]  Finally, Plaintiff has offered

no facts demonstrating that Defendants Dittsworth, Weaverling, Fagan, and

Mandichak-McDonnell had knowledge that Plaintiff was slicing watermelons with

---

[35] LeFebvre Decl. ¶¶ 10, 17.

[36] The Court notes that there is a genuine dispute as to whether Plaintiff expressed concern about using the slicer. *See* LeFebvre Decl. ¶ 16.

[37] Beenick Dep. 68:11-69:10.

[38] *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

[39] Claims of negligence do not constitute "deliberate indifference." *Innis v. Wilson*, 334 F.App'x. 454, 457 (3d Cir. 2009) (citing *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 193 n.2 (3d Cir. 2001)); *see also Brickell v. Clinton County Prison Bd.*, 658 F.Supp.2d 621, 629 (M.D.Pa. 2009) (finding that county's negligence was not sufficiently shocking to support inmate's state-created danger theory based on inmate's allegation that she suffered severe burns while transferring hot container from stove to top shelf of upright warmers).

[40] LeFebvre Decl. ¶¶ 10, 17-18.

[41] Beenick Dep. 57: 15-19.

an electric slicer.[42]  Having no knowledge of this "danger," they cannot be held

culpable for disregard or indifference.

Therefore, having reviewed the evidence in the light most favorable, the

Court finds that no reasonable jury could return a verdict for Plaintiff.  Defendants

are therefore entitled to summary judgment on Plaintiff's Fourteenth Amendment

state-created danger claims.

### 2.  The Report and Recommendation Did Not Fail To Consider Plaintiff's Motion for Partial Summary Judgment.

Plaintiff further argues that the Report and Recommendation neglected to

consider each motion for summary judgment separately.[43]  Specifically, Plaintiff

maintains that, although the Report and Recommendation cited the correct law

concerning cross motions for summary judgment,[44] the Magistrate Judge failed to

abide by these instructions.  The Court finds this objection to be without merit.

Plaintiff's motion was explicitly given separate consideration on pages 34 and 35

of the Report.  In that passage, Magistrate Judge Saporito stated that, "based on the

foregoing discussion, and viewing the record in the light most favorable to

---

[42] Beenick Dep. 52:20-53:8; Mandichak-McConnell Decl. ¶ 10, at 2; Dittsworth Decl. ¶ 8, at 2; Weaverling Decl. ¶ 8, at 2; Fagan Decl. ¶¶ 13-13-15.

[43] Objections, at 10-11.

[44] When considering cross-motions for summary judgment, the Court considers each motion separately, applying the standard set forth above. *See Transportes Ferreos de Venezuela II CA v. NKK Corp.*, 239 F.3d 555, 560 (3d Cir. 2001) (quoting *Rains v. Cascade Indus., Inc.,* 402 F.2d 241, 245 (3d Cir. 1968) (cross-motions for summary judgment "are no more than a claim by each side that it alone is entitled to summary judgment"); *Borrell v. Bloomsburg University*, 63 F.Supp.2d 941, 946 (M.D.Pa. 2010).

Beenick," Plaintiff had failed to show his entitlement to judgment as a matter of

law.  Plaintiff's objection is therefore overruled.

### 3. The Report and Recommendation Did Not Err By Considering The Declarations Cited By Defendants in Support of Their Motion for Summary Judgment.

Plaintiff next objects to the Report and Recommendation's conclusion

that the declarations cited by Defendant's Motion for Summary Judgment posed no

evidentiary issues.[45]  Plaintiff specifically argues that the declarations (1) cannot be

credited because corresponding records are not attached, (2) contain inadmissible

statements, and (3) cannot be credited to the extent made by an incompetent

declarant.

Federal Rule of Civil Procedure 56(c)(4) requires that a declaration used to

support or oppose a summary judgment motion must (1) be based on personal

knowledge, (2) contain otherwise admissible facts, and (3) be made by a declarant

who is competent to testify on the matters asserted.[46]  Here, Plaintiff first argues

that the declarations cannot be considered because the business records imparting

personal knowledge on the declarants were not attached.[47]  In support of this

---

[45] Objections, at 11-24.

[46] Fed.R.Civ.P. 56(c)(4).

[47] Objections, at 13-17.  Plaintiff appears to concede, on page 13 of his Objections, that "personal knowledge" may be based on "a review of relevant business records."  *York Intern. Corp. v. Liberty Mut. Ins. Co.*, No. 1:10-CV-0692, 2015 WL 4162981, at *5 (M.D.Pa. July 9, 2015) (citing *Wash. Cent. R.R. Co. v. Nat'l Mediation Bd.*, 830 F.Supp. 1343, 1353 (E.D.Wash. 1993)).

proposition, Plaintiff cites a Note of the Advisory Committee concerning a 2010

amendment.  That note specifically states:

> The requirement that a sworn or certified copy of a paper underlined referred to in an affidavit or declaration be attached to the affidavit or declaration is omitted as unnecessary given the requirement in subdivision (c)(1)(A) that a statement or dispute of fact be supported by materials in the record.[48]

The Court has reviewed the declarations and notes that no specific documents are

referenced, nor are any attached.  Plaintiff cites *Del Rosario v. Labor Ready,*

*Southeast, Inc.,*[49] *Washington Cent. R.R. Co. v. National Mediation Bd.,*[50] and

*Kohadara Envtl. II, Inc. v. Chest Twp.*[51] to support the proposition that a

"declaration asserting personal knowledge based on records is not to be credited

for summary judgment unless the records themselves are in evidence."  However,

in those cited cases, any documents attached are specifically referenced and relied

upon in the affidavits or declarations.  Here, as in the Report and

Recommendation, I find that each declaration[52] was based on the declarant's

personal experience and that no specific document was referenced.  Defendants

were therefore not required to attach any documents and did not run afoul of the

Rule 56(c)(4)'s advisory comments.

---

[48] Note to Subdivision (c)(4), 2010 Amendments, Fed.R.Civ.P. 56 (emphasis added).

[49] 124 F.Supp.3d 1300, 1316 (S.D. Fla. 2015).

[50] 830 F.Supp. 1343, 1353 (E.D. Wash. 1993).

[51] Civil Action No. 3:2002-96, 2007 U.S. Dist. LEXIS 79612, at *4 (W.D.Pa. Oct. 26, 2007).

[52] The Shambaugh Declaration specifically refers to the Inmate grievance policy and all referenced records are attached.

Plaintiff also argues that the declarations cannot be considered because they contain otherwise inadmissible material.[53]  Plaintiff specifically contends that (1) the Fagan Declaration contains inadmissible hearsay because it references a statement made by Plaintiff, and (2) the LeFebvre Declaration contains irrelevant speculation about a future event.  I find both of these contentions to be without merit.  First, Plaintiff's statement within the Fagan Declaration at paragraph 19 would be admissible as an opposing party's statement under Federal Rule of Evidence 801(d)(2)(A).[54]  Second, paragraph 20 within the LeFebvre Declaration is admissible because it satisfies the relevance test outlined in Federal Rule of Evidence 401.[55]  Specifically, this speculation concerning possible punishment for voicing a concern is relevant because (1) it makes it more or less probable that a prisoner would be punished for same, and (2) possible punishment is consequential in determining whether Plaintiff and other inmates felt free to voice concerns.

Third and finally, Plaintiff argues that the LeFebvre and Fagan Declarations should not be considered because both witnesses were incompetent.  Under Federal Rule of Evidence 601, every person is deemed competent "unless of the rules

---

[53] Objections, at 18.

[54] "(d) Statements That Are Not Hearsay. A statement that meets the following conditions is
    not  hearsay:       . . .
     (2) An Opposing Party's Statement. The statement is offered against an opposing party and:
       (A) was made by the party in an individual or representative capacity;"
Fed.R.Evid.801(d)(2).

[55] Federal Rule of Evidence 401 states that evidence is relevant if "(a) it has any tendency to
make a fact more or less probable than it would be without the evidence; and (b) the fact is of
consequence in the determining the action." Fed.R.Evid. 401.

provide otherwise."[56]  Plaintiff has failed to cite a rule of evidence which calls into question Defendant LeFebvre or Defendant Fagan's competence.  Rather, Plaintiff simply cites evidence contradicting portions of their declarations.  This citation to conflicting evidence does not impugn declarants' competence.

Having reviewed *de novo* the declarations cited by Defendants, I find that the Report and Recommendation did not err in considering said declarations for purposes of deciding the motions for summary judgment.

### 4. **The Report and Recommendation Did Not Err By Finding No Genuine Disputes As to Material Fact.**

In Plaintiff's fourth objection, he argues that genuine disputes of material fact concerning Plaintiff's Eighth Amendment "conditions of confinement" claims were overlooked by the magistrate judge.  The Court finds this objection to be without merit as the Plaintiff has failed to come forward with evidence from which a reasonable jury could find that Defendants demonstrated deliberate indifference to a substantial risk of serious harm.

The Eighth Amendment prohibits "cruel and unusual punishment" and imposes upon prison officials a duty to provide "humane conditions of confinement."[57]  A claim challenging the "conditions of confinement" does not, however, constitute an Eighth Amendment violation unless (1) the prison official

---

[56] Fed.R.Evid.601.
[57] *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

deprived the prisoner of the minimal measures of life's necessities, and (2) the prison official acted with "deliberate indifference" as to the "substantial risk of serious damage" this deprivation would have on his future health.[58]

In the context of a "conditions of confinement" claim, "deliberate indifference to a substantial risk of serious harm" may be demonstrated by showing that the risk of harm was "longstanding, pervasive, well-documented, or expressly noted by prison officials such that the defendants must have known about the risk."[59]  It is not enough for a plaintiff to show that a reasonable person would have or should have known that a substantial risk exists.[60]  Rather, the plaintiff must demonstrate that defendant prison officials were "aware of facts from which the inference could be drawn that a substantial risk of harm exists, and that they also drew the inference."[61]  At the summary judgment stage specifically, a plaintiff must present evidence from which a reasonable factfinder can infer " 'that the defendant-officials were  . . . knowingly and unreasonably disregarding an objectively intolerable risk of harm.' "[62]

Although ascertaining a defendant's "deliberate indifference" is a subjective inquiry, the question of whether a "substantial risk of serious harm" exists is an

---

[58] *Parkell v. Danberg*, ___ F.3d ___, 2016 WL 4375620 at *12 (3d Cir. Aug. 17, 2016) (quoting *Chavarriga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015)).
[59] *Parkell*, 2016 WL 4375620 at *12 (quoting Betts, 621 F.3d at 259).
[60] *Farmer*, 511 U.S. at 843 n.8.
[61] *Parkell*, 2016 WL 4375620 at *12 (quoting Betts, 621 F.3d at 259).
[62] *Betts*, 621 F.3d at 259 (quoting *Farmer*, 511 U.S. at 846).

objective inquiry.[63]  This objective inquiry requires an assessment of whether it

"violates contemporary standards of decency to expose *anyone* unwillingly to such

a risk."[64]  Under the test promulgated by the Supreme Court in *Helling v.*

*McKinney* and adopted by the Third Circuit in *Betts v. New Castle Youth Dev. Ctr.*,

a plaintiff demonstrates a substantial risk of serious harm by showing (1) the

seriousness of the injury, (2) a sufficient likelihood that serious injury will result,

and (3) that the risks associated with the activity violate contemporary standards of

decency.[65]

    In his Objections, Plaintiff specifically argues that there is evidence that (1)

Plaintiff told Defendant LeFebvre that the watermelon was too heavy for the

electric slicer, (2) Defendant Fagan knew of the dangers of the electric slicer, (3)

Defendant Mandichak-McConnell was present on July 13, 2013 and knew inmates

were using the electric slicer, and (4) Defendants Dittsworth and Weaverling

encouraged unsafe work assignments in the kitchen and turned a blind eye to

danger.[66]  First, the Court finds that, although Plaintiff has presented evidence

suggesting Defendant LeFebvre knew of Plaintiff's difficulty slicing the

watermelon,[67] this knowledge would not allow a reasonable factfinder to infer

deliberate indifference to a substantial risk of serious harm.  The facts indicate that

---

[63] *Id.* at 256 (citing *Atkinson v. Taylor*, 316 F.3d 257, 262 (3d Cir. 2003)).
[64] *Id.* at 257 (quoting *Helling v. McKinney*, 509 U.S. 25, 36 (1993)).
[65] *Id.*
[66] Objections, at 24-29.
[67] Objections, at 24 (citing Beenick Dep. Tr., at 68:11-69:10).

Defendant LeFebvre previously supervised the use of an electric slicer to cut watermelon at another institution.[68]  Because this supervison occurred without incident or accident,[69] Defendant LeFebvre's mere awareness of Plaintiff's difficulty would not lead to an "inference . . . that a substantial risk of harm exists."[70]  The facts further indicate that Defendant did not actually draw that inference, stating "[b]ased on my prior experience, I did not believe the assignment to be unreasonably dangerous."[71]

Furthermore, under the *Heller* test concerning when a substantial risk of serious harm is present, I find that Plaintiff has failed to produce evidence from which a reasonable jury could find that Plaintiff has satisfied the third factor. Specifically, no reasonable factfinder could find that the risk associated with slicing watermelons on an electric slicer "violate[s] contemporary standards of decency."[72]  The Court therefore concludes that no reasonable factfinder can infer

---

[68] LeFebvre Decl. ¶ 10, at 2.

[69] Id.

[70] *See Brown v. Williams*, 399 F.Supp.2d 558, 566 (D. Del. 2005) (finding that, "[e]ven though State defendants knew of the inmates' concern about the water conditions," summary judgment is appropriate because there is "no evidence from which a fact finder could conclude that State defendants both were aware of a substantial risk  . . . and then affirmatively disregarded this risk").

[71] Id. ¶ 17, at 3.

[72] *See Betts*, 621 F.3d at 259 (affirming a district court's imposition by finding that risk of injury of playing football without protective equipment "does not satisfy the legal standard of deliberate indifference to a substantial risk of serious harm").

that Defendant LeFebvre exhibited deliberate indifference, or knowing and

unreasonable disregard for an objectively intolerable risk of harm.[73]

Second, the Court also finds that the Report and Recommendation did not

err in finding that Defendant Fagan did not exhibit deliberate indifference to a

substantial risk of serious harm.  As noted throughout, a showing of deliberate

indifference requires more than mere negligence.[74]  Although Plaintiff argues that

Defendant Fagan knew of the dangers from the warnings in the electric slicer's

instruction manual, her tours of the kitchen, and the lack of training records, the

Court concludes that this knowledge and failure to act does not rise about mere

negligence such that a reasonable jury could find deliberate indifference.[75]

Third, I find that the Report and Recommendation did not err by finding that

Defendant Mandichak-McConnell (1) had no interaction with Plaintiff that

morning, (2) did not enter the prep room where he was working, and (3) was not

made aware that Plaintiff and other inmates were using an electric slicer to slice

watermelons.  In support of his objection, Plaintiff disputes the validity of

---

[73] *Betts*, 621 F.3d at 259 (quoting *Farmer*, 511 U.S. at 846).

[74] *Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety."); *Jones v. County Jail C.F.C.F.*, 610 F.App'x. 167, 168 (3d Cir. 2015).

[75] *Bowie v. Procunier*, 808 F.2d 1142, 1143 (5th Cir. 1987) (per curiam) (affirming dismissal of complaint alleging failure to provide adequate safety equipment and where a piece of bark put out one of the inmate-plaintiff's eyes while chopping wood); *Brown v. Richmond County Corr. Inst.*, No. CV 105-118, 2006 WL 1431488, at *2 (S.D. Ga. May 22, 2006) (dismissing complaint alleging failure to provide safety helmet on work detail involving cutting trees where tree branch broke and struck inmate-plaintiff on the head).

Defendant Fagan's declaration and cites to undisputed facts that Defendant Fagan is a food instructor at SCI-Benner Twp and was working in the kitchen at the time of the injury.[76] Citation to these facts, however, does not create a dispute concerning Defendant Fagan's interaction with Plaintiff on that day or her awareness that the inmates were using an electric slicer.

Finally, Plaintiff objects to the Report and Recommendation's determination that Defendants Dittsworth and Weaverling were not present the morning of Beenick's injury and that Plaintiff failed to identify any evidence of their deliberate indifference.  Again, however, Plaintiff fails to cite to specific portions of the record which put these findings into dispute.  Instead, Plaintiff again contests the validity of the declarations and cites to a portion of the record which fails to directly contradict these findings.

Having reviewed *de novo* Plaintiff's objections to the Report and Recommendation's conclusion concerning his Eighth Amendment claims, the Court finds no error and thus will grant Defendants' Motion for Summary Judgment as to these claims.

## IV.   CONCLUSION

Based on the above discussion and analysis, the Court adopts in its entirety the Report and Recommendation of Magistrate Judge Saporito.  Defendants'

---

[76] Objections, at 28-29.

Motion for Summary Judgment is granted.  Plaintiff's Motion for Partial Summary

Judgment is denied.

An appropriate Order follows.

BY THE COURT:

__s/ Matthew W. Brann_____
Matthew W. Brann
United States District Judge